FILED
LODGED
RECEIVED

Judge Richard A. Jones

FEB 10 2014

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL OBERHOLTZER, and<br>CONNECTZONE.COM,<br><br>Defendants. | NO. CR13-0016RAJ<br><br>**PLEA AGREEMENT**<br><br><br>13-CR-00016-BR |

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, Norman M. Barbosa and Justin W. Arnold, Assistant United States Attorneys for said District, and Defendant, DANIEL OBERHOLTZER in his personal capacity and on behalf of his company CONNECTZONE.COM LLC, by and through his attorneys, John Henry Browne and Emily Gause, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure Rule 11(c):

1.     **The Charge**.  Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the following charge contained in the Indictment:  Conspiracy to Traffic in Counterfeit

1  Goods, as charged in Count 1, in violation of Title 18, United States Code, Section
2  2320(a).

3       By entering this plea of guilty, Defendant hereby waives all objections to the form
4  of the charging document. Defendant further understands that before entering his guilty
5  plea, he will be placed under oath. Any statement given by Defendant under oath may be
6  used by the United States in a prosecution for perjury or false statement.

7       2.    **Elements of the Offense**. The elements of the offense of Conspiracy to
8  Traffic in Counterfeit Goods, as charged in Count 1, are as follows:

9       First, there was an agreement between two or more persons to commit the
10  crime of trafficking in counterfeit goods in violation of Title 18, United States Code,
11  Sections 2320(a)(1) and (2), and;

12       Second, the defendant became a member of the conspiracy knowing of at
13  least one of its objects and intending to help accomplish it.

14       The elements of the offense of trafficking in counterfeit goods are as follows:

15       First, the defendant intentionally trafficked or attempted to traffic in goods
16  or services or labels, documentation or packaging of any type and nature;

17       Second, the defendant used a counterfeit mark on or in connection with
18  those goods or services or labels, documentation or packaging;

19       Third, the genuine mark was registered on the United States Patent and
20  Trademark Office's Principal Register;

21       Fourth, the defendant knowingly used the mark and knew that the mark was
22  counterfeit.

23       3.    **The Penalties**. Defendant understands that the statutory penalties
24  applicable to the offense of Conspiracy to Traffic in Counterfeit Goods are as follows:

25       a.    As to defendant DANIEL OBERHOLTZER in his individual
26  capacity:  imprisonment for up to ten (10) years, a fine of up to two million dollars
27  ($2,000,000.00), a period of supervision following release of up to three (3) years, and a
28  one hundred dollar ($100.00) special assessment;

Plea Agreement/Oberholtzer and Connectzone.com
CR13-0016RAJ Page - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1          b.      As to defendant CONNECTZONE.COM LLC, a fine of up to $5

2     million ($5,000,000.00).

3          Defendant understands that supervised release is a period of time following

4     imprisonment during which he will be subject to certain restrictive conditions and

5     requirements.  Defendant further understands that if supervised release is imposed and he

6     violates one or more of the conditions or requirements, Defendant could be returned to

7     prison for all or part of the term of supervised release that was originally imposed.  This

8     could result in Defendant serving a total term of imprisonment greater than the statutory

9     maximum stated above.

10         Defendant understands that as a part of any sentence, in addition to any term of

11    imprisonment and/or fine that is imposed, the Court may order Defendant to pay

12    restitution to any victim of the offense, as required by law.

13         Defendant further understands that a consequence of pleading guilty may include

14    the forfeiture of certain property either as a part of the sentence imposed by the Court, or

15    as a result of civil judicial or administrative process.

16         Defendant agrees that any monetary penalty the Court imposes, including the

17    special assessment, fine, costs, or restitution, is due and payable immediately and further

18    agrees to submit a completed Financial Statement of Debtor form as requested by the

19    United States Attorney's Office.

20         4.      **Rights Waived by Pleading Guilty.**  Defendant understands that by

21    pleading guilty, he knowingly and voluntarily waives the following rights:

22              a.      The right to plead not guilty and to persist in a plea of not guilty;

23              b.      The right to a speedy and public trial before a jury of his peers;

24              c.      The right to the effective assistance of counsel at trial, including, if

25                      Defendant could not afford an attorney, the right to have the Court

26                      appoint one for him;

27              d.      The right to be presumed innocent until guilt has been established

28                      beyond a reasonable doubt at trial;

Plea Agreement/Oberholtzer and Connectzone.com
CR13-0016RAJ Page - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

e.  The right to confront and cross-examine witnesses against him at trial;

f.  The right to compel or subpoena witnesses to appear on his behalf at trial;

g.  The right to testify or to remain silent at trial, at which trial such silence could not be used against him; and

h.  The right to appeal a finding of guilt or any pretrial rulings.

5.  **Ultimate Sentence**. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

6.  **Restitution.** Defendant shall make restitution in an amount to be determined by the Court at the time of sentencing with credit for any amounts already paid. Said amount shall be due and payable immediately and shall be paid in accordance with a schedule of payments as proposed by the United States Probation Office and ordered by the Court.

7.  **Forfeiture.** Defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 2320(b)(3)(A)(i) any and all property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of the said offense; and pursuant to 18 U.S.C. § 2320(b)(3)(A)(ii), any and all property, real or personal, used, in any manner or part, to commit, facilitate, aid or abet the commission of the offense; and pursuant to 18 U.S.C. § 2320(b)(3)(A)(iii), any article that bears or consists of a counterfeit mark used in committing the offense including, but not limited to, the following:

a.  Any and all digital devices used to facilitate trafficking in counterfeit goods including, but not limited to, the following:

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1                i.    A black Antec computer with 1 Western Digital hard drive -
2  S/N WMATV4094572-1 TB;

3                ii.    A black tower computer with 1 hard drive - OCZ SSD-S/N
4  018131102033028-120 GB;

5                iii.    A black tower computer with 1 Western Digital, hard drive -
6  S/N WMANS1358373 - 74 GB

7                iv.    A black tower computer with 2 hard drives: Seagate - S/N
8  9QFA1LCW-2GB; and, Maxtor - S/N K410L43C;

9                v.    A black tower computer with 1 Samsung hard drive - S/N
10  SOMQJ13P206975-320GB;

11                vi.    A black and silver generic computer, S/N 16178136000162,
12  with 2 Western Digital hard drives - S/N WMAVU2242924-1TB; and S/N
WCATR0067095-1TB;

13                vii.    A silver tower computer with 1 Western Digital hard drive -
14  S/N WMAM9V966856;

15                viii.    A Dell Power Edge 840 Server, serial number HWYXCF1,
16  with 3 hard drives - Western Digital S/N WCAPO2998818-160GB; Western Digital S/N
17  WCAP02997957-160GB; Seagate S/N 3QD07EFK-750GB;

18                ix.    A Dell Power Edge 1900 server, serial number 2WP21G1,
19  with three hard drives - OCZ SSD S/N A2M1C1X2T2B1LT17-110GB; Western Digital
S/N WMAM9ANA8627-80GB; Western Digital S/N WCAW31374575-1TB;

20                x.    A generic tower server with one Western Digital hard drive
21  S/N WCAJ91504113-80GB;

22        b.    Any and all counterfeit goods used or possessed as part of the
23  offense including, but not limited to, all the items listed on Attachment A to this Plea
24  Agreement;

25        c.    All business and financial records, in whatever form, including
receipts, invoices, sales records, ledgers, correspondence, supplier lists, customer lists,
26  address books, date books, assets, shipping records, and storage records, relating to
27  transactions associated with computer networking products seized during searches of
Connectzone.com's business at 12512 Beverly Park Road, Suite B1B Lynnwood,
28  Washington 98087 as part of this investigation;

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1            d.     A money judgment in an amount to be determined at the time of

2 sentencing;

3            e.     Defendant recognizes that at the time of sentencing, the United

4 States will also seek to forfeit all rights title and interest he and Connectzone.com LLC
may have in the domain name www.connectzone.com. Defendant reserves the right to

5 challenge this portion of the forfeiture.

6        8.    **Statement of Facts.** The parties agree on the following facts. Defendant

7 admits he is guilty of the charged offense or offenses:

8        Defendant DANIEL OBERHOLTZER is the owner and chief executive officer of

9 defendant CONNECTZONE.COM LLC and its predecessor company, Electro Products

10 Incorporated. Between approximately 1997, and sometime in or around June 2006,

11 Electro Products Incorporated, was a Washington corporation that engaged in the online

12 sales of computer networking products and maintained its principal place of business in

13 Kent, Washington. Between approximately June 2006, and the present, Defendant

14 CONNECTZONE.COM LLC was a Washington limited liability corporation that

15 engaged in the online sales of computer networking products and maintained its principal

16 place of business in Lynnwood, Washington.

17        Cisco Systems Incorporated ("Cisco") is a California corporation with its principal

18 place of business in San Jose, California. Cisco develops markets, distributes and

19 licenses a variety of computer networking equipment. Cisco owns numerous trademarks

20 including the "Cisco" mark and bridge symbol and its ownership of these trademarks

21 gives it the exclusive rights to sell or offer for sale products bearing its registered marks,

22 and only Cisco may authorize copies of its products or the use of its trademarks by

23 others.

24        Beginning at a date uncertain, but no later than December 2003, and continuing

25 through in or around July 2012, within the Western District of Washington and

26 elsewhere, DANIEL OBERHOLTZER, CONNECTZONE.COM LLC, and others known

27 and unknown, did knowingly and willfully combine, conspire, confederate and agree

28

Plea Agreement/Oberholtzer and Connectzone.com
CR13-0016RAJ Page - 6

1  together to intentionally traffic and attempt to traffic in goods, documentation and
2  packaging, while knowingly using on and in connection with such goods, documentation
3  and packaging, counterfeit marks, to wit: spurious marks that were identical to and
4  substantially indistinguishable from authentic marks that were in use and registered for
5  those goods, documentation and packaging on the principal register of the United States
6  Patent and Trademark Office by Cisco, the use of which counterfeit marks were likely to
7  cause confusion, to cause mistake, and to deceive in violation of Title 18, United States
8  Code, Sections 2320(a)(1) and (a)(2).
9          It was part of the conspiracy that DANIEL OBERHOLTZER doing business as
10 Electro Products Incorporated and CONNECTZONE.COM LLC, operated websites that
11 advertised and sold computer networking cables including products bearing trademarks
12 owned by Cisco.  Mr. OBERHOLTZER and others working for him at
13 CONNECTZONE.COM and Electro Products Incorporated would obtain counterfeit
14 computer networking cables including products bearing counterfeit Cisco trademarks
15 from suppliers in China and elsewhere.  As part of the conspiracy, Mr. OBERHOLTZER,
16 CONNECTONZONE.COM LLC and its employees would advise their foreign suppliers
17 regarding how to manufacture products that would look like genuine Cisco trademarked
18 goods.  Mr. OBERHOLTZER and his employees would also manufacture products
19 bearing counterfeit Cisco trademarks using materials provided by suppliers in China and
20 elsewhere.  During the course of the conspiracy Mr. OBERHOLTZER,
21 CONNECTZONE.COM LLC and his employees distributed counterfeit Cisco computer
22 networking cables, and packaging for these products, to customers throughout the United
23 States knowing full well that the products and packaging bore counterfeit Cisco
24 trademarks. The counterfeit Cisco marks on the goods were identical to the "Cisco"
25 trademarks that were in use and registered for those goods, documentation and packaging
26 on the principal register of the United States Patent and Trademark Office.  As a result,
27 the use of the counterfeit marks was likely to deceive the buyers.
28

Plea Agreement/Oberholtzer and Connectzone.com
CR13-0016RAJ Page - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    On or about August 8, 2011, Immigration and Customs Enforcement agents
2  executed a search warrant at Connectzone.com in Lynnwood, Washington and seized
3  approximately 6,600 counterfeit Cisco networking cables and approximately 50
4  counterfeit Cisco networking modules.  DANIEL OBERHOLTZER and
5  CONNECTZONE.COM LLC, were in possession of those counterfeit Cisco goods with
6  intent to distribute them while knowingly using counterfeit Cisco marks that were
7  identical to and substantially indistinguishable from the "Cisco" marks that were in use
8  and registered for those goods, on the principal register of the United States Patent and
9  Trademark Office.  The use of those counterfeit marks was likely to cause confusion, to
10  cause mistake, and to deceive the customers of Connectzone.com.  The retail value of
11  genuine Cisco products of the same type is approximately $721,281.00.

12    9.    **United States Sentencing Guidelines**.  Defendant understands and
13  acknowledges that the Court must consider the sentencing range calculated under the
14  United States Sentencing Guidelines and possible departures under the Sentencing
15  Guidelines together with the other factors set forth in Title 18, United States Code,
16  Section 3553(a), including:  (1) the nature and circumstances of the offense; (2) the
17  history and characteristics of the defendant; (3) the need for the sentence to reflect the
18  seriousness of the offense, to promote respect for the law, and to provide just punishment
19  for the offense; (4) the need for the sentence to afford adequate deterrence to criminal
20  conduct; (5) the need for the sentence to protect the public from further crimes of the
21  defendant; (6) the need to provide the defendant with educational and vocational training,
22  medical care, or other correctional treatment in the most effective manner; (7) the kinds
23  of sentences available; (8) the need to provide restitution to victims; and (9) the need to
24  avoid unwarranted sentence disparity among defendants involved in similar conduct who
25  have similar records.  Accordingly, Defendant understands and acknowledges that:

26    a.    The Court will determine applicable Defendant's Sentencing
27  Guidelines range at the time of sentencing;

28    b.    After consideration of the Sentencing Guidelines and the factors in

Plea Agreement/Oberholtzer and Connectzone.com
CR13-0016RAJ Page - 8

1    18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the

2    maximum term authorized by law;

3           c.     The Court is not bound by any recommendation regarding the

4    sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

5    range offered by the parties or the United States Probation Department, or by any

6    stipulations or agreements between the parties in this Plea Agreement; and

7           d.     Defendant may not withdraw his guilty plea solely because of the

8    sentence imposed by the Court.

9       10.    **Sentencing Factors**. The parties agree that the following Sentencing

10   Guidelines provisions apply to this case:

11          a.     The appropriate version of the United States Sentencing Guidelines

12   Manual is the 2012 version.

13          b.     The appropriate section of the United States Sentencing Guidelines

14   is Section 2B5.3, which specifies a base offense level of 8;

15          c.     The base offense level should be increased by 14 levels because the

16   infringement amount was more than $400,000.00, but less than $1,000,000.00 pursuant to

17   Section 2B5.3(b)(1);

18          d.     The base offense level should be increased by 2 levels because the

19   offense involved the manufacture and importation of infringing items pursuant to Section

20   2B5.3(b)(3);

21          e.     The base offense level should be increased by 4 levels because the

22   defendant was an organizer or leader of a criminal activity that involved five or more

23   participants or was otherwise extensive pursuant to Section 3B1.1(a);

24          c.     The defendant's offense level should be reduced by 3 levels pursuant

25   to USSG § 3E1.1(a) and (b).

26          The parties agree that no other provisions of the United States Sentencing

27   Guidelines are applicable. Defendant understands, however, that at the time of

28   sentencing, the Court is free to reject these stipulated adjustments, and is further free to

Plea Agreement/Oberholtzer and Connectzone.com
CR13-0016RAJ Page - 9

1  apply additional downward or upward adjustments in determining Defendant's
2  Sentencing Guidelines range.

3       11.     **Sentencing Recommendation**.  The parties agree to jointly recommend a
4  sentence of 37 months followed by three years supervised release.  The parties are free to
5  recommend any conditions of supervised release the parties deem appropriate and
6  defendant acknowledges that the United States may also recommend a fine.  Defendant
7  understands that the Court is free to reject this recommendation, and is free to apply any
8  conditions of supervised release and/or probation that it deems appropriate.

9       12.     **Non-Prosecution of Additional Offenses**.  As part of this Plea Agreement,
10 the United States Attorney's Office for the Western District of Washington agrees not to
11 prosecute Defendant for any additional offenses known to it as of the time of this
12 Agreement that are based upon evidence in its possession at this time, and that arise out
13 of the conduct giving rise to this investigation.  In this regard, Defendant recognizes the
14 United States has agreed not to prosecute all of the criminal charges the evidence
15 establishes were committed by Defendant solely because of the promises made by
16 Defendant in this Agreement.  Defendant agrees, however, that for purposes of preparing
17 the Presentence Report, the United States Attorney's Office will provide the United
18 States Probation Office with evidence of all conduct committed by Defendant.

19      Defendant agrees that any charges to be dismissed before or at the time of
20 sentencing were substantially justified in light of the evidence available to the United
21 States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant
22 with a basis for any future claims under the "Hyde Amendment," Pub.L. No. 105-119
23 (1997).

24      13.     **Breach, Waiver, and Post-Plea Conduct**.  Defendant agrees that if
25 Defendant breaches this Plea Agreement, the United States may withdraw from this Plea
26 Agreement and Defendant may be prosecuted for all offenses for which the United States
27 has evidence.  Defendant agrees not to oppose any steps taken by the United States to
28 nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea

Plea Agreement/Oberholtzer and Connectzone.com
CR13-0016RAJ Page - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Agreement.  Defendant also agrees that if Defendant is in breach of this Plea Agreement,

2  Defendant has waived any objection to the re-institution of any charges in the Indictment

3  that were previously dismissed or any additional charges that had not been prosecuted.

4          Defendant further understands that if, after the date of this Agreement, Defendant

5  should engage in illegal conduct, or conduct that violates any conditions of release or the

6  conditions of his confinement, (examples of which include, but are not limited to,

7  obstruction of justice, failure to appear for a court proceeding, criminal conduct while

8  pending sentencing, and false statements to law enforcement agents, the Pretrial Services

9  Officer, Probation Officer, or Court), the United States is free under this Agreement to

10  file additional charges against Defendant or to seek a sentence that takes such conduct

11  into consideration by requesting the Court to apply additional adjustments or

12  enhancements in its Sentencing Guidelines calculations in order to increase the applicable

13  advisory Guidelines range, and/or by seeking an upward departure or variance from the

14  calculated advisory Guidelines range.  Under these circumstances, the United States is

15  free to seek such adjustments, enhancements, departures, and/or variances even if

16  otherwise precluded by the terms of the plea agreement.

17          14.    **Waiver of Appeal**.  In addition to the right to appeal any pretrial rulings

18  which are waived by a plea of guilty, as part of this Plea Agreement and on the condition

19  that the Court imposes a custodial sentence that is within or below the Sentencing

20  Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines

21  range) that is determined by the Court at the time of sentencing, Defendant waives to the

22  full extent of the law:

23          a.     any right conferred by Title 18, United States Code, Section 3742 to appeal

24  the sentence, including any restitution order imposed; and

25          b.     any right to bring a collateral attack against the conviction and sentence,

26  including any restitution order imposed, except as it may relate to the effectiveness of

27  legal representation.

28

Plea Agreement/Oberholtzer and Connectzone.com
CR13-0016RAJ Page - 11

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   This waiver, however, does not preclude Defendant from bringing an appropriate

2   motion pursuant to 28 U.S.C. 2241, to address the conditions of his confinement or the

3   decisions of the Bureau of Prisons regarding the execution of his sentence.

4   If Defendant breaches this Plea Agreement at any time by appealing or collaterally

5   attacking (except as to effectiveness of legal representation) the conviction or sentence in

6   any way, the United States may prosecute Defendant for any counts, including those with

7   mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea

8   Agreement.

9   15.   **Voluntariness of Plea**. Defendant agrees that he has entered into this Plea

10   Agreement freely and voluntarily and that no threats or promises, other than the promises

11   contained in this Plea Agreement, were made to induce Defendant to enter his plea of

12   guilty.

13   16.   **Statute of Limitations**. In the event this Agreement is not accepted by the

14   Court for any reason, or Defendant has breached any of the terms of this Plea Agreement,

15   the statute of limitations shall be deemed to have been tolled from the date of the Plea

16   Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea

17   Agreement by the Court; or (2) thirty (30) days following the date on which a breach of

18   the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

19   ///

20   ///

21   ///

22

23

24

25

26

27

28

Plea Agreement/Oberholtzer and Connectzone.com
CR13-0016RAJ Page - 12

1    17.    **Completeness of Agreement**. The United States and Defendant

2    acknowledge that these terms constitute the entire Plea Agreement between the parties.

3    This Agreement binds only the United States Attorney's Office for the Western District

4    of Washington.  It does not bind any other United States Attorney's Office or any other

5    office or agency of the United States, or any state or local prosecutor.

6        Dated this ___ day of February, 2014.

8    DANIEL OBERHOLTZER

9    Defendant

13   DANIEL OBERHOLTZER on behalf of

14   CONNECTZONE.COM LLC

17   JOHN HENRY BROWNE

18   Attorney for Defendants

21   NORMAN M. BARBOSA

22   Assistant United States Attorney

25   JUSTIN W. ARNOLD

26   Assistant United States Attorney

Plea Agreement/Oberholtzer and Connectzone.com
CR13-0016RAJ Page - 13

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# ATTACHMENT A

| Line Item | Item Description | Quantity (Apprx) | Item DV | Item MSRP | Total DV | Total MSRP |
|---|---|---|---|---|---|---|
| 1 | CAB-V35MT | 751 | $ 60.00 | $ 100.00 | $ 45,060.00 | $ 75,100.00 |
| 2 | CAB-OCTAL-ASYNC | 711 | $ 31.00 | $ 200.00 | $ 22,041.00 | $ 142,200.00 |
| 3 | CAB-232-FC | 100 | $ 60.00 | $ 100.00 | $ 6,000.00 | $ 10,000.00 |
| 4 | CAB-H08-ASYNC (CAB-HD8-ASYNC) | 429 | $ 100.00 | $ 150.00 | $ 42,900.00 | $ 64,350.00 |
| 5 | CAB-OCT-V35MT | 21 | $ 170.00 | $ 750.00 | $ 3,570.00 | $ 15,750.00 |
| 6 | CAB-SS-X21MT | 600 | $ 50.00 | $ 100.00 | $ 30,000.00 | $ 60,000.00 |
| 7 | CAB-6060X | 546 | $ 25.00 | $ 25.00 | $ 13,650.00 | $ 13,650.00 |
| 8 | CAB-22-2626X (CAB-SS-2626X) | 400 | $ 37.00 | $ 37.00 | $ 14,800.00 | $ 14,800.00 |
| 12 | CAB-V35FC | 863 | $ 100.00 | $ 100.00 | $ 86,300.00 | $ 86,300.00 |
| 13 | CAB-X-21MT | 396 | $ 40.00 | $ 100.00 | $ 15,840.00 | $ 39,600.00 |
| 17 | CAB-H60MTC-1.5 | 465 | $ 10.00 | $ 10.00 | $ 4,650.00 | $ 4,650.00 |
| 18 | CAB-OCT-232-FC | 12 | $ 150.00 | $ 650.00 | $ 1,800.00 | $ 7,800.00 |
| 19 | CAB-H60-MTC-16 | 20 | $ 35.00 | $ 35.00 | $ 700.00 | $ 700.00 |
| 20 | CAB-E1-BNC | 44 | $ 19.00 | $ 100.00 | $ 836.00 | $ 4,400.00 |
| 22 | CAB-530MT | 8 | $ 25.00 | $ 100.00 | $ 200.00 | $ 800.00 |
| 23 | CAB-OCT-233-MT | 20 | $ 150.00 | $ 650.00 | $ 3,000.00 | $ 13,000.00 |
| 24 | CAB-H60MTC-6 | 55 | $ 19.00 | $ 19.00 | $ 1,045.00 | $ 1,045.00 |
| 25 | CAB-FO-SSG-6510 | 5 | $ 35.00 | $ 35.00 | $ 175.00 | $ 175.00 |
| 26 | CAB-SS-V35-FC | 76 | $ 50.00 | $ 100.00 | $ 3,800.00 | $ 7,600.00 |
| 28 | CAB-SS-232MT | 160 | $ 50.00 | $ 100.00 | $ 8,000.00 | $ 16,000.00 |
| 29 | CAB-SS-232FC | 100 | $ 20.00 | $ 100.00 | $ 2,000.00 | $ 10,000.00 |
| 30 | CAB-SS-232MC | 13 | $ 50.00 | $ 50.00 | $ 650.00 | $ 650.00 |
| 31 | CAB-SS-2660X-10 | 50 | $ 50.00 | $ 50.00 | $ 2,500.00 | $ 2,500.00 |
| 32 | CAB-SS-530FC-10 | 18 | $ 50.00 | $ 50.00 | $ 900.00 | $ 900.00 |
| 33 | CAB-SS-530-AMT | 70 | $ 60.00 | $ 100.00 | $ 4,200.00 | $ 7,000.00 |
| 34 | CAB-2626X-15 | 6 | $ 50.00 | $ 50.00 | $ 300.00 | $ 300.00 |
| 35 | CAB-2626X-25 | 9 | $ 70.00 | $ 75.00 | $ 630.00 | $ 675.00 |
| 36 | CAB-SS-V35MT | 615 | $ 50.00 | $ 100.00 | $ 30,750.00 | $ 61,500.00 |
| 37 | WS-G5484 | 29 | $ 500.00 | $ 500.00 | $ 14,500.00 | $ 14,500.00 |
| 38 | WIC-1DSU-T1 | 1 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 |
| 39 | WIC-1T | 2 | $ 400.00 | $ 400.00 | $ 800.00 | $ 800.00 |
| 40 | WS-G5483 | 1 | $ 395.00 | $ 395.00 | $ 395.00 | $ 395.00 |
| 41 | WS-G5487 | 2 | $ 3,995.00 | $ 3,995.00 | $ 7,990.00 | $ 7,990.00 |
| 42 | WS-G5486 | 14 | $ 995.00 | $ 995.00 | $ 13,930.00 | $ 13,930.00 |
| 43 | CAB-STACK-3M (72-2634-01) | 67 | $ 150.00 | $ 300.00 | $ 10,050.00 | $ 20,100.00 |
| 54 | GLC-SX-MM | 19 | $ 59.00 | $ 59.00 | $ 1,121.00 | $ 1,121.00 |
| | | | | | $ 396,083.00 | $ 721,281.00 |